OPINION
{¶ 1} Larry Johnson appeals from his conviction of aggravated robbery and felonious assault with gun specifications in the Montgomery County Common Pleas Court. The facts underlying Johnson's conviction are set out in his counsel's brief and are as follows:
 {¶ 2} On or about August 11, 2001, Officers Brown, Henderson, Kinstle, and Humston were dispatched to the Shell Gas Station at 3000 N. Gettysburg regarding an alleged armed robbery. The manager and clerk of the Shell Gas Station reported a large black male, wearing a flannel shirt and white ski mask over his face with eyes and mouth holes, had come into the store quickly and allegedly told the clerk to give him all the money. The clerk reported that she called for the manager who came out and was also told by the alleged robber to give him all the money. The clerk handed over the register cash and the alleged robber exited the store. The manager and clerk reported to the officers that the alleged robber got into the driver's seat of a four door Ford Contour and the manager reported the license plate as AES3434. The officers ran the license plate number given by the manager and determined it was registered to the defendant, Larry Johnson. Officers Kinstle and Humston drove to the defendant's address. The officers observed defendant walking from the north side of the house to the front and officers also observed the vehicle in the driveway as a blue Ford Contour. Officers Kinstle and Humston waited for Officers Brown and Henderson to arrive to assist. All officers approached the house and Officer Henderson observed the defendant at the side door. Officer Henderson identified himself as a police officer and observed defendant wearing a blue t-shirt, dark blue jeans, black gym shoes and white socks. Officer Henderson then handcuffed the defendant, patted him down and Officer Kinstle asked if anyone else was in the house. Mr. Johnson replied no. Officer Kinstle then asked if he could go into the house to confirm that no one was in the house. Mr. Johnson replied it was all right as long as he could be present during the search. Sergeant Mark Spiers had Mr. Johnson sign a consent to search form which described his home and the unattached garage and the 1998 Blue Ford Contour. In the house officers found a bb gun pistol and six loose .357 magnum bullets on the wet bar in the basement in plain view, in addition to three blue plaid flannel shirts in clothing piles or on posts. The officers also searched the unattached garage and found a flannel shirt which allegedly matched the flannel shirt on the videotape at the Shell gas station. Also recovered was a white ski mask and a revolver.
 {¶ 3} After Johnson was indicted, he moved to suppress the evidence obtained by the police because he alleged that he had not voluntarily consented to the search conducted by the police at his home.
 {¶ 4} At the hearing, Johnson alleged that the consent to search form he had signed did not include the unattached garage wherein the police recovered the flannel shirt, white ski mask, and revolver. Sergeant Mark Spiers of the Dayton Police Department testified that he specifically asked Johnson's permission to search the unattached garage and Johnson orally and in writing consented. (Tr. 67).
 {¶ 5} At the conclusion of the hearing, the trial court stated that he had reviewed the consent form and found that it clearly included the unattached garage. The trial court found that Johnson's consent was knowingly and voluntarily given to the police to conduct their search.
 {¶ 6} Johnson's counsel concedes that the trial court was in the best position to evaluate the credibility of the witnesses. State v.Mills (1992), 62 Ohio St.3d 357. The trial court chose to believe the testimony of the police officer that Johnson had consented to the search of the unattached garage. The officer's testimony was not inherently incredible and the consent form includes the unattached garage. (See Ex. 1).
 {¶ 7} Johnson's appellate counsel concedes there are no arguable issues to pursue on appeal. Counsel concedes Johnson's plea was taken in accordance with Crim.R. 11 and that the trial court did not abuse its discretion in imposing two three year concurrent sentences upon the defendant consecutive to the three years firearm specification sentence required by law.
 {¶ 8} Johnson was given an opportunity to file his own brief after his counsel filed an Ander's brief. He has not done so. We have reviewed the entire record and find no error prejudicial to Johnson in this appellate record. The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.